860 F.2d 306
 49 Ed. Law Rep. 1142
 Lee Andre KILLION by Sherrill ACKERS, Next friend, Appellant,
v.
Reva M. BURL; Mary Quinn; H. Yarborough; W.D. Hamilton;
Ruth Shepherd; Thomas Broughton; D.E. Cockcroft;
B.F. Mackey; F. Southern; Ed Kelly, Appellees.
 No. 87-2422.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 20, 1988.
Decided Oct. 27, 1988.
 
 Velda West, Little Rock, Ark., for appellant.
 Christopher Heller, Little Rock, Ark., for appellees.
 Before McMILLIAN and FAGG, Circuit Judges, and BRIGHT, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Lee Andre Killion appeals from an order granting summary judgment against him in the District Court[1] for the Eastern District of Arkansas. Killion ex rel. Ackers v. Burl, No. LRC86113 (E.D.Ark. Sept. 24, 1987). The district court ruled that Killion had not stated a claim upon which relief can be granted in federal court either on due process or equal protection grounds. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Lee Andre Killion attended first grade at Carver Elementary School in Little Rock, Arkansas. Killion worked below grade level in both reading and mathematics and consequently was not promoted to the second grade. Whether by mistake or otherwise, Killion's progress report at the end of first grade indicated that he would be promoted to second grade. Killion alleges that the failure to promote him to second grade violated his right to procedural due process in that he was not notified of the fact that he would not be promoted, and he was not notified (through his mother and next friend) of his learning difficulties before the decision was made not to promote.
 
 
 3
 In order for Killion to state an actionable claim for violation of procedural due process, he must establish that he has a liberty or property interest in promotion to the second grade. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). We find no precedent for such an interest. See, e.g., Regents of the University of Michigan v. Ewing, 474 U.S. 214, 225, 106 S.Ct. 507, 513, 88 L.Ed.2d 523 (1985).
 
 
 4
 In order for Killion to state an actionable equal protection claim, he must establish that he was classified in an irrational manner and was thereby treated differently than similarly situated students. San Antonio Indep. School Dist. v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Killion has neither briefed this point nor offered any facts in support of a finding of such disparate classification or treatment.
 
 
 5
 Summary judgment is appropriate when no genuine issue of material fact exists in the case, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). To avoid entry of summary judgment, the non-moving party must make a sufficient showing on every essential element of its case on which it bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). Killion has not made such a showing.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. See 8th Cir.R. 14.
 
 
 
 [1]
 The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas